919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

**JENNER&BLOCK** LLP

December 20, 2013

Andrew H. Bart
Tel  212 891-1645
Fax 212 909-0805
abart@jenner.com

Honorable Analisa Torres
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Arista Music, et al. v. United Airlines, Inc., et al.*, Case No.: 13 Civ. 7451 (AT)

Dear Judge Torres,

In anticipation of the Rule 16 initial pre-trial conference scheduled for **January 8, 2014 at 4:45 p.m.**, the parties jointly submit this letter in accordance with Your Honor's Individual Practices and the Initial Pretrial Conference Order, dated October 31, 2013.  A proposed Civil Case Management Plan and Scheduling Order are submitted under separate cover.

   **1.   Brief Description of the Case**

The parties' dispute revolves around United Airlines' in-flight on-demand and pre-programmed music services. The text of each ensuing section below reflecting Plaintiffs' position and Defendants' position was drafted by counsel for each of Plaintiffs and Defendants, respectively, and does not reflect a joint recitation of the parties' positions.

   **Plaintiffs' Position**

Plaintiffs Arista Music, Arista Music LLC, LaFace Records LLC, Sony Music Entertainment, Sony Music Entertainment US Latin LLC, and Zomba Recording LLC (collectively "Plaintiffs") seek damages and relief from the ongoing and willful infringement of copyrighted sound recordings, music, and music videos. Defendant United Airlines, Inc. ("United") and its predecessor companies, working in concert with Defendant Inflight Productions Ltd. ("IFP") (collectively "Defendants") operate an interactive, on-demand, in-flight music service and a linear pre-programmed music service for the entertainment of passengers on United Airlines and/or Continental Airlines.  Without authority, Defendants have duplicated Plaintiffs' copyrighted sound recordings, music, and music videos and then installed these infringing copies on servers located on board aircraft owned by United or their predecessors for the purpose of transmitting performances of Plaintiffs' copyrighted sound recordings, music, and music videos to passengers as part of United's and its predecessors' in-flight music services. Defendants have done so and continue to do so without any license or other form of

December 20, 2013
Page 2

authorization from Plaintiffs to reproduce or publicly perform any of Plaintiffs' copyrighted sound recordings, music, and music videos. As a result of these foregoing actions, Defendants have infringed Plaintiffs' copyrights and harmed Plaintiffs and their artists, who invest millions of dollars and enormous time and creative energy in producing and exploiting their copyrighted works.

Plaintiffs assert three claims for relief: (1) infringement of Plaintiffs' rights under the U.S. Copyright Act, (2) common-law copyright infringement for Pre-1972 works, and (3) unfair competition as to Pre-1972 works. Plaintiffs seek injunctions prohibiting Defendants' infringement of Plaintiffs' copyrighted works; impoundment and destruction or other reasonable disposition of infringing copies of Plaintiffs' copyrighted sound recordings and music videos; statutory, compensatory, and punitive damages; attorneys' fees; and prejudgment interest.

**Defendants' Position**

Defendants United and IFP assert that they have not violated and do not violate Plaintiffs' rights under either the U.S. Copyright Act or common law because Defendants' use of any copyrighted works controlled by Plaintiffs in connection with United's in-flight entertainment offerings was pursuant to a valid license (and/or did not require a license for a use claimed to be infringing), or because Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel, abandonment, and/or unclean hands. Defendants may assert additional defenses as appropriate depending on the facts developed during discovery.

United, lawfully and with authorization, provides in-flight entertainment services to its passengers, and such services have included the option to listen to pre-programmed music channels and selected music recordings on-demand. United has sourced the music for its entertainment services through third party suppliers which obtain whatever, if any, licenses are required for use by United. Until December 31, 2011, IFP supplied United with music and appropriate licenses for content associated with United's in-flight entertainment services. From January 1, 2012 through the present, United has been supplied with music by a company known as Inflight Dublin. Inflight Dublin has advised United that it has secured appropriate licenses for the music content associated with United's in-flight entertainment services (including any such content controlled by Plaintiffs). Plaintiffs' action therefore is without merit, and Plaintiffs have suffered no harm.

Furthermore, as described in United's December 16, 2013 letter to the Court and IFP's December 17, 2013 letter to the Court, Plaintiffs' state law claims are preempted by the Airline Deregulation Act of 1978. Under that Act, federal law preempts all state law claims "related to a price, route, or service of an air carrier." *See* 49 U.S.C. § 41713. The preemption is broad: it extends to "matters incidental to and distinct from the actual transportation of passengers," *see Air Trans. Ass'n of Am. v. Cuomo*, 520 F.3d 218, 223 (2d Cir. 2008), and covers vendors that

December 20, 2013
Page 3

provide services relating to "airline routes, rates, or services."  *See, e.g., Marlow v. AMR Servs. Corp.*, 870 F. Supp. 295, 298 (D. Haw. 1994).

Consequently, Defendants assert that Plaintiffs' claims should be dismissed, that no relief should be granted Plaintiffs, and that Defendants should be awarded costs and attorneys' fees.

2. **Contemplated Motions**

**Plaintiffs' Position**

As set forth in more detail in Plaintiffs' forthcoming letter in response to Defendants' December 16 and December 17 pre-motion letters, the requested motion to dismiss the second and third counts of the Complaint on the basis of preemption by the Airline Deregulation Act of 1978 is wholly without merit and premature.  Aside from that requested motion, Plaintiffs do not anticipate motion practice prior to the commencement of discovery.  Plaintiffs contemplate moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and in accordance with Your Honor's Individual Practices at an appropriate time after the opportunity to take discovery.

**Defendants' Position**

As noted above, Defendants have requested permission to move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because the state law claims (Counts II and III) in the Complaint are preempted by the Airline Deregulation Act of 1978.  A decision on the dismissal of the state law claims is appropriate at this stage of the case both because it is a purely legal issue for which discovery is unnecessary and because, if granted, it will streamline the legal and factual issues in the case and significantly narrow discovery.

Other than a motion to dismiss Plaintiffs' state law claims, Defendants do not anticipate motion practice prior to the commencement of discovery.  Defendants contemplate moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and in accordance with Your Honor's Individual Practices should such a motion become appropriate during or after the course of discovery.

3. **Prospect of Settlement:**

**Plaintiffs' Position**

Prior to the filing of the Complaint, Plaintiffs made several attempts to engage Defendants in discussions about the possible resolution of this dispute.  Although those efforts were unsuccessful, the parties remain open to the possibility of further settlement discussions as the litigation progresses.

December 20, 2013
Page 4

**Defendants' Position**

Defendants dispute Plaintiffs' claim that *they* made several attempts to engage Defendants in settlement discussions prior to the filing of the Complaint. Both before and after the Complaint was filed, United and IFP proactively attempted to engage Plaintiffs – through their counsel and/or their in-house business executives responsible for this matter – in settlement discussions. IFP is currently awaiting Plaintiffs' response; and United stands ready to continue efforts to resolve this matter without litigation.

* * *

Counsel for Plaintiffs, United, and IFP look forward to meeting with the Court on January 8, 2014.

Respectfully Submitted,


/s/  Andrew H. Bart
Andrew H. Bart
Jenner & Block LLP
Attorney for Plaintiffs



/s/  Kenneth L. Steinthal
Kenneth L. Steinthal
King & Spalding LLP
Attorney for Defendant United Airlines, Inc.



/s/  Theodore C. Max
Theodore C. Max
Sheppard, Mullin, Richter & Hampton LLP
Attorney for Defendant Inflight Productions Ltd.



Enclosure