SHEPPARD MULLIN RICHTER & HAMPTON LLP
Theodore C. Max, Esq. (TM1742)
30 Rockefeller Plaza
New York, New York 10017
Tel.: (212) 332-3800
Fax: (212) 332-3888

*Attorneys for Defendant*
INFLIGHT PRODUCTIONS LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA MUSIC, ARISTA MUSIC LLC, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, AND ZOMBA RECORDING LLC,<br><br>       Plaintiffs,<br><br>   v.<br><br>UNITED AIRLINES, INC.; INFLIGHT PRODUCTIONS LTD.; AND RIGHTSCOM LTD.,<br><br>       Defendants. | Case No. 13 Civ. 7451 (AT)(JLC)<br><br>**DEFENDANT INFLIGHT PRODUCTIONS, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AND THIRD CLAIMS FOR RELIEF** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA MUSIC, ARISTA MUSIC LLC, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, AND ZOMBA RECORDING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.; INFLIGHT PRODUCTIONS LTD.; AND RIGHTSCOM LTD.,<br><br>Defendants. | Case No. 13 Civ. 7451 (AT)(JLC)<br><br>**DEFENDANT INFLIGHT PRODUCTIONS, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AND THIRD CLAIMS FOR RELIEF** |

Defendant Inflight Productions Ltd. ("IFP") submits this memorandum of law in support of its motion pursuant to Rule 12(b)(6) to dismiss the second and third claims for relief asserted by Plaintiffs Arista Music, Arista Music LLC, LaFace Records LLC, Sony Music Entertainment, Sony Music Entertainment US Latin LLC and Zomba Recording LLC (referred to collectively as "Plaintiffs"). Plaintiffs' second and third claims for relief, for Common-Law Copyright Infringement for Pre-1972 Works and Unfair Competition as to Pre-1972 Works, should be dismissed because they are preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)(1).

# PRELIMINARY STATEMENT

In 1971, Congress chose to protect under the U.S. Copyright Act only those sound recordings that were made – or "fixed" – after February 15, 1972. Sound recordings fixed before that date ("Pre-1972 Recordings") were protected only by state law, a patchwork of 50 different regimes. Just seven years later, in 1978, Congress deregulated the airline industry, and to ensure a single, nationwide standard for all matters relating to air travel, Congress expressly preempted all state laws insofar as they "relate[] to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). The express preemption provision states in full:

> Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

Under recent Second Circuit authority, onboard amenities, including inflight entertainment, are services within the scope of this preemption. Accordingly, state law claims relating to the provision of inflight entertainment services are preempted.

Plaintiff's second and third claims for relief seek to impose liability on IFP under New York state law as a result of the use of Plaintiff's Pre-1972 Recordings. Those claims run afoul of the express preemption provision enacted by Congress, whether asserted against United Airlines, Inc. ("United") or IFP. For these reasons, IFP respectfully requests that the Court dismiss, with prejudice, Plaintiffs' second and third claims for relief.

# FACTUAL BACKGROUND

United provides its passengers with "an interactive, on-demand, in-flight music service and a linear pre-programmed music service" for passengers' entertainment while flying on United's aircraft. (Complaint ¶ 2.) United's inflight entertainment services allegedly "employ unauthorized reproductions of Plaintiffs' sound recordings." (*Id.* at ¶ 23.) United, "working in concert" with IFP, allegedly "duplicated Plaintiffs' copyrighted sound recordings . . .[,] installed [the recordings] on servers located on board [United's] aircraft . . . [and] transmit[ted] performances of Plaintiffs' copyright sound recordings" to its passengers – all allegedly without Plaintiffs' permission. (*Id.* at ¶ 3.)

Some of Plaintiffs' sound recordings were made – or "fixed" – after February 15, 1972, and some were fixed before February 15, 1972. (*Id.* at ¶ 14.) Only those recordings fixed after February 15, 1972 are protected by the U.S. Copyright Act. *See* Pub. L. No. 92-140, 85 Stat. 391 (1971) ("Sound Recording Act"). The Pre-1972 Recordings were left to the protection of state laws and whatever protections such laws provided. *See* 17 U.S.C. § 301(c) (preserving unspecified state law remedies for Pre-1972 Recordings).

For the Pre-1972 Recordings, Plaintiffs assert two claims in the Complaint under New York state law – their second claim for relief for Common-Law Copyright Infringement (*id.* at ¶¶ 40-44) and their third claim for relief for Unfair Competition (*id.* at ¶¶ 45-48). The second and third claims for relief relate only to United's and IFP's alleged infringement of Pre-1972 Recordings.

As explained below, the Airline Deregulation Act, 49 U.S.C. § 41713 (the "ADA") expressly preempts claims brought under state law that relate to a "price, route or service of an air carrier." The preemption provision preempts such claims whether brought against airlines or their vendors. Plaintiffs' second and third claims for relief, therefore, are preempted by the ADA.

## ARGUMENT

### I. State Law Claims Relating To Services Provided By An Airline Are Preempted By The ADA

The ADA preempts state laws "related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1).[1] The U.S. Supreme Court has held that Congress's use of the words "related to" express "a broad preemptive purpose." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992). The ADA thus has a "broad scope" and an "expansive sweep," and is "broadly worded," "deliberately expansive" and "conspicuous for its breadth." *Id.* at 384. Accordingly, actions under state law "having a connection with or reference to airline 'rates, routes, or services' are preempted." *Id.* The Second Circuit has followed the Supreme Court's lead, emphasizing "the breadth of the ADA's preemption provision." *Air Transport v. Cuomo*, 520 F.3d 218, 222 (2nd Cir. 2008).

---

[1] United is concurrently moving to dismiss Plaintiffs' second and third claims for relief on similar grounds. United's brief sets forth the historical development of preemption in general and specific to the airline industry. Those authorities are relevant to the issue presented here, but for the sake of judicial economy, IFP is not repeating them. Instead, IFP focuses on the specific preemption provision at issue and how that provision applies to Plaintiffs' claims against IFP, which served as United's vendor during a portion of the time period framed by the Complaint.

Due to the breadth of the ADA, state law claims are preempted even if they (i) relate to a service that is not essential to the transportation of passengers; or (ii) would only indirectly or tenuously affect the provision of any such service. *See American Airlines, Inc. v. Wolens*, 513 U.S. 219, 226 (1995) (noting that it would be error to "separate[e] matters 'essential' from matters unessential to airline operations," and preempt only those claim relating to essential matters); *Air Transport Ass'n of Am.*, 520 F.3d at 223 ("Matters incidental to and distinct from the actual transportation of passengers" are still preempted.").

Thus, as the Second Circuit has held, the "services" of an air carrier encompass not only the "actual transportation of passengers," but also "matters such as boarding procedures, baggage handling, and food and drink." *Air Transport Ass'n of Am.*, 520 F.3d at 223. "Onboard amenities, regardless of whether they are luxuries or necessities, still relate to airline service and fall within the express terms of the preemption provision." *Id.* at 224. Indeed, as the Second Circuit noted, "[a]lthough this Court has not yet defined 'service' as it is used in the ADA, we have little difficultly concluding that requiring airlines to provide food, water, electricity, and restrooms to passengers during lengthy ground delays relates to the service of an air carrier." *Id.* at 222. *See also Rosen v. Continental Airlines, Inc.*, 430 N.J. Super. 97, 106 (2013) (holding that the "provision of an airline entertainment headset falls squarely within the definition" of "services"); *Galbut v. American Airlines, Inc.*, 27 F. Supp. 2d 146, 150 (E.D.N.Y. 1997) (noting that "preemption extends to all of the economic factors that go into the provision of the quid pro quo for [a] passenger's fare, including . . . meal service [and]

entertainment. . . ."); *Trinidad v. American Airlines, Inc.*, 932 F. Supp. 521, 526 (S.D.N.Y. 1996) (noting that cases that involve "ticketing, boarding, in-flight service and the like" are preempted); *Nazarian v. Compagnie Nationale Air France*, 989 F. Supp. 504, 510 (S.D.N.Y. 1998) (same); *Price v. Trans World Airlines, Inc.*, 481 F.2d 844 (9th Cir. 1973) (noting, in a different context, that purchasing headphones relates to the price an airline charges).

Indeed, claims relating to such services are preempted even if the claim would only indirectly or minimally affect the airline's provision of that service. *See Air Transport Ass'n of Am.*, 520 F.3d at 222 (holding that even if a claim's effect on services or price is "indirect," it is preempted); *Rosen*, 430 N.J. Super. at 106 (2013) (rejecting argument that a claim was not preempted because it would have too "tenuous, remote or peripheral" an effect on a service). For example, in *Marlow v. AMR Services Corp.*, 870 F. Supp. 295 (D. Hawaii 1994), the plaintiff was an employee of the company that maintained the jet bridges on which passengers boarded aircraft. After the plaintiff alerted the company of alleged safety violations on the jet bridges, the plaintiff was fired. *Id.* at 296. The plaintiff brought suit for retaliation under Hawaii's whistleblower statute. *Id.* The district court held that the plaintiff's claim was preempted, reasoning that (i) the safety of jet bridges "related to" the airline's "boarding procedures," which are services provided by the airline; and (ii) Hawaii's whistleblower law affected the company's ability to manage its personnel by limiting whom it could fire, and therefore related (albeit indirectly) to the company's provision of a service. *Id.* at 298-99.

## II. The Preemption Under The ADA Applies Not Only To Claims Brought Against An Air Carrier, But Also To Third Party Vendors, Such As IFP

So long as a state law claim falls within the ADA's preemption provision – *i.e.*, it "relate[s] to a price, route, or service of an air carrier" – that claim is preempted if brought against either an air carrier or any other entity, including vendors or other third-party providers. Accordingly, if Plaintiffs' second and third claims against United are preempted, they are also preempted when asserted against IFP. *See Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, n.5 (5th Cir. 2002) ("Lyn-Lea also argues, without citing supporting authorities, that its claims against Sabre cannot be preempted because Sabre is not an air carrier. ADA preemption is not limited to claims brought directly against air carriers."); *Huntleigh v. La. St. Bd. Of Private Security Examiners*, 906 F. Supp. 357, 362 (M.D. La. 1995) (finding that preemption applies to agents and vendors providing the service on behalf of the airline); *Marlow v. AMR Services Corp.*, 870 F. Supp. 295, 298 (D. Hawaii 1994) ("it is preposterous to assume that Congress intended to block the prosecution against air carriers of certain suits but allow those same suits to proceed against all others. . . . the defendant need not be an air carrier so long as the state laws which prohibit defendant's alleged wrongdoing 'relate to' airline routes, rates, or services."), *quoting Continental Airlines, Inc. v. America Airlines, Inc.*, 824 F. Supp. 689, 697 (S.D. Tex. 1993) (finding that ADA preemption applies to non-air carriers); *Vail v. Pan Am Corp.*, 260 N.J. Super. 292, 302-03 (N.J. Super. 1992) ("to allow plaintiffs' claims against the carriers' agents, servants and employees, would undermine the basic goals of the ADA").

### III. Plaintiffs' Second And Third Claims For Relief Are Preempted Because They Relate To The Provision Of Inflight Entertainment Services

United's provision of inflight entertainment is undoubtedly a "service." There is no dispute about this fact: Plaintiffs repeatedly refer to United's provision of inflight entertainment as a "service." *See, e.g.,* Complaint ¶ 1 (referring to United's "interactive, on-demand, in-flight music *service*, as well as a linear pre-programmed music *service*") (emphasis added); *id.* ¶ 3 ("in order to create these in-flight music *services* . . . .") (emphasis added); *id.* ¶ 23 ("Defendants offer an interactive, on-demand, in-flight music *service*, as well as a linear pre-programmed music *service* . . . . These in-flight music *services* . . . .") (emphasis added). The service of providing inflight entertainment, therefore, falls squarely within the scope of the ADA's preemption provision. *See, e.g., Air Transport Ass'n of Am.,* 520 F.3d at 223 ("Onboard amenities, regardless of whether they are luxuries or necessities, still relate to airline service and fall within the express terms of the preemption provision."); *Rosen,* 430 N.J. Super. at 104 ("[T]he sale of a headset and an alcoholic beverage 'relat[es] to price, routes, or service[.]'"). Accordingly, Plaintiffs' second and third claims for relief are preempted by the ADA.

## CONCLUSION

For the forgoing reasons, IFP respectfully requests that the Court dismiss Plaintiffs' second and third claims for relief with prejudice.

Dated: January 24, 2014

Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP

By: _s/ Theodore C. Max_
Theodore C. Max, Esq. (TM1742)

30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
tmax@sheppardmullin.com

*Attorneys for Defendant*
INFLIGHT PRODUCTIONS LTD.